IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Paul E. Hemsath, | ) |
|                 Plaintiff, | ) Case No. 1:06-CV-04 |
| vs. | ) |
| J. Herschel Kendrick Moving & Storage, *et al.*, | ) |
|                 Defendants. | ) |

<u>Memorandum and Order</u>

Defendants transported Plaintiff's household goods from Massachusetts to Northern Kentucky, storing them for a period of several months before delivering them to Plaintiff's residence. After the delivery, Plaintiff filed this action, initially asserting three causes of action under Ohio common law. Those causes of action relate to alleged damage to the property caused, or not prevented, by Defendants.

When Defendants moved to dismiss Plaintiff's initial complaint for failure to state a claim upon which relief may be granted on the ground that his state law claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706, Plaintiff amended his complaint to add a claim under the Carmack Amendment. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the state law claims on the basis of preemption.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)(citing Nishiyama v. Dickson County, 814 F.2d 277, 279 (6th Cir. 1987)).  To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  See Scheuer v. Rhodes, 416 U.S. 232 (1974); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted).  The test for dismissal under Rule 12(b)(6), however, is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hartford Fire Insurance Co. v. California, 509 U.S. 764, 811 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

In the Sixth Circuit, the issue of the scope of the preclusive effect of the Carmack Amendment has been conclusively resolved in a manner that is fatal to Plaintiff's

state law claims.  In 1970, the Court of Appeals held that "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs."  American Synthetic Rubber Corp. v. Louisville & Nashville Ry. Co., 422 F.2d 462, 466 (6th Cir. 1970).  That remains the law in this Circuit, as subsequent reported decisions from within the Circuit demonstrate.  See Carousel Nut Products, Inc. v. Milan Express Co., Inc., 767 F.Supp. 142, 143 (W.D. Ky. 1991).

Plaintiff argues that his state law claims are not preempted because the alleged damage to his property may have occurred while Defendants were storing, rather than shipping, the property.  The applicable definition of "transportation," encompasses storage, as well as shipment, however, clarifying that claims relating to damage to shipped goods while stored are also preempted.  49 U.S.C. § 13102(19).  Plaintiff's argument is not well-taken, and Defendants' motion to dismiss the state law claims in the first amended complaint (Doc. 6), which supersedes their previous motion to dismiss (Doc. 3), is hereby **GRANTED**.  This action will proceed only on Plaintiff's claim under the Carmack Amendment.

**IT IS SO ORDERED.**

/s/
Sandra S. Beckwith, Chief Judge
United States District Court